558 A.2d 930

**Lori Jin KIRSCH, Appellant,**

v.

**PARKING AUTHORITY OF the CITY OF NEW CASTLE, a Public Authority, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1989.

Decided May 22, 1989.

Donald E. Williams, New Castle, for appellant.

Charles W. Garbett, Lawrence M. Kelly, Luxenberg, Garbett & Kelly, Ellwood City, for appellee.

Before CRAIG and DOYLE, JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

Lori Jin Kirsch (appellant) appeals an order of the Court of Common Pleas of Lawrence County, which disallowed any testimony offered by Thomas A. Oravecz and further disallowed any testimony relating to any condition caused by either the defective design or construction of the stairway in question. We reverse and remand.

This is an action in trespass for negligence. The appellant fell on a stairway and alleged that the stairway was defectively designed and constructed.

The Parking Authority of the City of New Castle (appellee) filed written interrogatories pursuant to the Pennsylvania Rule of Civil Procedure relating to discovery. The appellee in interrogatory number twenty-seven directed the appellant to attach copies of any reports from any expert that appellant proposed to call at trial. The only report attached was a medical report. There was no mention of Thomas A. Oravecz, a professional engineer whose testimony appellant did intend to use. Furthermore, in interrogatory number twenty-eight, appellant was requested to state specifically and in detail the nature of any and each defect claimed, how the stairway should have been constructed, and to state any code violations. The appellant made no answer to this interrogatory. Thus, at a pre-trial conference at which all counsel were present, counsel for the appellee requested the court to preclude any testimony of appellant's expert.

The court held a hearing, and entered an order, whereby it disallowed any testimony offered by the expert and *sua sponte* any testimony relating to matters in regard to any condition caused by either the defective design or construction of the stairway in question.

In accordance with section 762 of the Judicial Code, 42 Pa.C.S. § 762, this court is vested with appellate jurisdiction of appeals from final orders of the courts of common pleas. An order constitutes a "final" order if it (1) ends the litigation or disposes of the entire case; (2) effectively puts a litigant "out of court;" or (3) precludes a party from presenting the merits of his or her claim to the trial court. *Bollinger v. Obrecht,* 122 Pa.Commonwealth Ct. 562, 566, 552 A.2d 359, 361 (1989).

■ In the present case, the appellant's complaint alleges that her injuries were caused by the defective and improper construction of the stairway. Appellant's case is based on the condition of the stairway; therefore, the exclusion of appellant's expert testimony precludes her from presenting the merits of her claim concerning the allegations of defective and improper construction. The trial court's ruling effectively puts appellant "out of court" with respect to her allegations relating to the stairway construction. While every order excluding evidence will not constitute a final order, based on these facts this court concludes the trial court's order is "final" for purposes of appellate review.

Pa.R.C.P. No. 4003.5(a)(1)(a) provides that a party through interrogatories may require any other party to identify whom that party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify.

Under Pa.R.C.P. No. 4001(c) preparation for trial is one of the purposes of discovery.

The outcome of litigation may be controlled by or deferred to a great extent on the opinion of an expert and simple fairness seems reason enough to allow the party against whom that opinion is to be used sufficient time after discovery to develop his case in the light of that opinion.

10 Goodrich Amram 2d Section 4003.5(a): 2 at p. 129.

If the identity is not disclosed the expert shall not be permitted to testify. Such a sanction is not only appropri-

ate, but compelled. *Kaminski v. Employers Mutual Casualty Co.*, 338 Pa.Superior Court 400, 487 A.2d 1340 (1985).

■ However, Rule Pa.R.C.P. No. 4019(h)(1), (i) provides that if the failure to disclose the identity of the expert is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief. Furthermore Pa.R.C.P. No. 4019(a)(1)(i) dealing with sanctions provides that the court may, *on motion*, make an appropriate order if the party fails to serve answers to written interrogatories. The trial court's *sua sponte* order was a clear violation of this rule, since there was no motion for sanctions except as to the expert's testimony.

A review of the record shows that there were two consultation conferences, at which there were discussions between counsel concerning the expert's testimony as to why there was no answer to interrogatory number twenty-eight. None of this was brought to the court's attention at the time of the hearing on the motion to impose sanctions as to the expert's testimony. The appellant contends that no motion for sanctions was made for failure to answer interrogatory number twenty-eight because counsel for appellee failed to inform the court that as a result of the consultation conferences, counsel was willing to accept the information available at the time, and was willing to wait for the remainder as it became available. Of course, the trial court being unaware of the facts was not in a position to consider them in determining what sanctions were appropriate.

Under the circumstances, the matter is remanded for the court to take testimony, and make findings as to whether there were extenuating circumstances as to the failure to name the expert, and whether the sanction imposed *sua sponte* was appropriate.

## ORDER

NOW, May 22, 1989, the order of the Court of Common Pleas of Lawrence County, NO. 890 of 1982, is reversed and

the case is remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.