688 A.2d 1212

Robert J. TRIFFIN,

v.

Henry H. JANSSEN and Rapp, White, Janssen & German, Ltd., Robert A. Griffiths, Continental Bank, Stephen D. Chopnick, Kania, Lindner, Lasak & Feeney.

Appeal of Henry H. JANSSEN, Esquire and Rapp, White, Janssen & German, Ltd.

Robert J. TRIFFIN, Appellant,

v.

Henry H. JANSSEN and Rapp, White, Janssen & German, Ltd. and Robert A. Griffiths and Continental Bank and Stephen D. Chopnick, Kania, Lindner, Lasak & Feeney, Appellees.

Superior Court of Pennsylvania.

Argued Nov. 20, 1996.

Filed Feb. 14, 1997.

James Prahler, Philadelphia, for Henry H. Janssen.

Robert J. Triffin, appellee, pro se (submitted).

Before McEWEN, President Judge, and POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

Herein, the parties appeal and cross-appeal from an order of the Court of Common Pleas of Philadelphia County which *sua sponte* imposed sanctions against both parties. We reverse.

This case arises out of a legal malpractice action which Robert J. Triffin (hereinafter "plaintiff") brought against Henry H. Janssen and Rapp, White, Janssen & German, Ltd. (hereinafter "defendants"). The record reveals the following facts and procedural history as set forth in the opinion of the trial court:

> Defendants served interrogatories upon Plaintiff as well as a request for the production of documents. Plaintiff failed to respond to said discovery requests. On July 9, 1993, the Defendants' presented to this Court a contested motion to compel Plaintiff's full and complete compliance within thirty (30) days or suffer the imposition of sanctions. Upon the completion of oral argument, Defendants' motion was granted.
>
> Thereafter, Plaintiff objected to a number of the Defendants' interrogatories and document requests. On Septem-

ber 3, 1993, this Court overruled said objections requiring Plaintiff's full and complete compliance under threat of sanctions. On November 1, 1993, this Court sanctioned Plaintiff three hundred and fifty ($350.00) dollars for failing to fully and completely comply with the order of September 3, 1993 and reiterated its requirement of complete compliance.

On December 10, 1993, the Defendants secured further sanctions based upon Plaintiff's continued failure to answer said interrogatories. The sanction precluded the Plaintiff from introducing any expert evidence or testimony at the time of trial. On July 22, 1994, the Defendants' presented an additional motion for sanctions. The Court granted said motion and precluded the Plaintiff from introducing any evidence or testimony regarding his claimed loss of earnings due to the alleged acts of the Defendants.

A motion to compel the Plaintiff's deposition was entered on July 15, 1994. Plaintiff's deposition was scheduled for August 12, 1994. At deposition, Plaintiff refused to answer many of the Defendants' questions by way of objection.

On September 13, 1994, the Defendants' presented to the Court a contested Motion to Strike the Objections of Plaintiff and to compel the completion of the improperly objected to questions.

The Honorable Eugene Edward J. Maier ruled on several of the disputed objections and then ordered the litigants to resolve their remaining differences using the Court's several rulings as a point of reference.

Trial Court Opinion at 1–3.

After the parties were unable to resolve all of the disputed objections, the lower court ruled on the remaining objections. Although neither of the parties had moved for sanctions at this time, the court sanctioned plaintiff and defendants $4,000.00 and $1,500.00, respectively.[1] The order directed the parties to pay the money to the City of Philadelphia.

1. The lower court sanctioned the parties $500.00 for each discovery objection which was not decided in their favor.

Plaintiff and defendants filed Motions for Reconsideration of the sanction order. The lower court denied both motions. Subsequently, on February 28, 1995, plaintiff filed a praecipe to discontinue the action. On March 16, 1995, defendants filed the present appeal. Plaintiff filed a cross appeal on March 23, 1995.

 Herein, all parties allege that the lower court's *sua sponte* sanction order was improper.[2] They contend that it was improper for the lower court to issue the sanction order *sua sponte*. The lower court contends that such sanctions are within its authority under Rule 4019(a)(1) of the Pennsylvania Rules of Civil Procedure. The first clause of Rule 4019(a)(1) states "The court may, *on motion*, make an appropriate order if. ..." Pa.R.Civ.P. 4019 (emphasis added). The rule lists numerous situations in which the court may impose sanctions on a party who fails to comply with discovery requests or an order relating to discovery. The imposition of sanctions is largely within the discretion of the court. *Feingold v. Philadelphia Nat. Bank,* 313 Pa.Super. 579, 460 A.2d 339 (1983).

 In the present case, neither party made a motion for the court to impose sanctions. The lower court imposed the sanctions *sua sponte*. Although this Court has frequently reviewed the propriety of sanctions which have been imposed under Rule 4019, this Court has not addressed previously the specific issue of whether a court may impose a *sua sponte* sanction order under Rule 4019.

In *Kirsch v. Parking Authority of New Castle,* 126 Pa. Cmwlth. Ct. 143, 126 Pa.Cmwlth. 143, 558 A.2d 930 (1989), the Commonwealth Court analyzed the validity of a *sua sponte*

---

2. The lower court asserts that the appeals are untimely. A party must file the notice of appeal within thirty days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). If the underlying litigation is not concluded, an order awarding expenses as a discovery sanction under Rule 4019 is interlocutory. *McManus v. Chubb Group of Ins. Cos.,* 342 Pa.Super. 405, 493 A.2d 84 (1985). At the time the lower court imposed sanctions, the order was interlocutory and not proper for review before this Court. However, the order became final when plaintiff discontinued the action on February 28, 1995. Defendants filed their appeal on March 16, 1995, and plaintiff filed his appeal on March 23, 1995. Thus, we find that the appeals are timely.

order which imposed sanctions under Rule 4019. In *Kirsch*, the plaintiff brought an action in trespass for negligence after she fell on a stairway designed by the defendant. During a pretrial conference, the defendant moved for the exclusion of testimony by an expert witness whom the plaintiff failed to identify in discovery. The trial court entered an order disallowing the expert to testify. In addition, the trial court ordered *sua sponte* the exclusion of any testimony relating to the defective design or construction of the stairway. *Kirsch, supra.* On appeal, the Commonwealth Court reversed the order. The Commonwealth Court held that based on the clear language of Rule 4019, the *sua sponte* order was a violation of Rule 4019 because there was no motion for exclusion of testimony about the design of the stairway. *Id.*

Rule 4019(a)(1) clearly states that upon motion by a party, the court is empowered to

impose sanctions. In the present case, the sanctions were premature. The lower court imposed the sanctions without a motion by either party. Thus, we reverse the order of the lower court.[3]

Order reversed.

McEWEN, P.J., concurs in the result.

---

**3.** Our decision is not meant to imply that the lower court was without authority to discipline the parties. If appropriate, the court could have found one or both of the parties in contempt and then pursued the requisite procedural steps for an adjudication of contempt. See *Commonwealth ex rel. v. Novack,* 310 Pa.Super. 112, 456 A.2d 208 (1983).