Jacob **SCHWARTZBERG**, Appellant

v.

Joseph **GRECO**, State Farm Insurance Company, Pennsylvania Financial Responsibility Assigned Claims Plan and Progressive Insurance Company, Appellees.

Superior Court of Pennsylvania.

Argued Dec. 11, 2001.

Filed Feb. 25, 2002.

Steven D. Janel, Philadelphia, for appellant.

Charles P. Menszak, Philadelphia, for appellee.

Before: JOYCE, OLSZEWSKI and MONTEMURO *, JJ.

JOYCE, J.

¶ 1 Appellant, Jacob Schwartzberg, appeals from the March 14, 2001 order of the Court of Common Pleas of Philadelphia County, which granted partial summary judgment in favor of Appellee, Joseph Greco.[1] We affirm.

¶ 2 On October 11, 1997, Appellant was injured when he was struck by a motor vehicle operated by Appellee while Appellant was a pedestrian on a roadway in Philadelphia. Specifically, the outside passenger mirror of the vehicle driven by Appellee stuck Appellant's left elbow as Appellee drove by.

¶ 3 On the date of the accident, Appellant was the owner of a 1985 Dodge Caravan. On that date also, Appellant's driving privileges had been suspended by the Commonwealth of Pennsylvania. As a result of the license suspension, Appellant did not have motor vehicle insurance in his own name. The Dodge Caravan was insured by Progressive Casualty Insurance Company under a policy issued to Appellant's resident girlfriend, Karen Miller. Under the insurance policy, Karen Miller elected the "limited tort" coverage, 75 Pa. C.S.A. § 1705(d),[2] and Appellant was listed as an "excluded driver."

¶ 4 On April 28, 1999, Appellant filed a civil complaint against Appellee and other defendants, stemming from the October 11, 1997 accident. The complaint alleged that Appellee's negligence was the proximate cause of the injuries suffered by Appellant.

¶ 5 On February 23, 2000, Appellee filed an Answer and New Matter, alleging, as a defense, that Appellant was bound by the limited tort coverage chosen by Karen Miller. On July 18, 2000, the case was heard by an arbitration panel, which found in favor of Appellee and held that Appellant has a limited tort status. Thereafter, Appellant appealed from the arbitration award.

¶ 6 At the trial court level, both parties filed motions for partial summary judgment on the basis of the limited tort coverage: Appellant argued that the limited

---

* Retired Justice assigned to Superior Court.

1. Appellant made claims for first-party benefits against Progressive Casualty Insurance Company, and against State Farm Insurance Company. These claims were ultimately settled. Reply Brief for Appellant, at 3. Thus, Progressive, and State Farm are not directly involved in this appeal.

2. 75 Pa.C.S.A. § 1705(d) provides as follows: "(d) Limited tort alternative.—Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss ..."

tort coverage did not apply to him while Appellee argued that Appellant was bound by the limited tort coverage elected by Karen Miller. On May 14, 2001, the trial court entered two orders: one granting Appellee's motion for partial summary judgment, the other denying Appellant's motion for partial summary judgment on the limited tort issue. In essence, the court held that Appellant was bound by the limited tort coverage.

¶ 7 At a pre-trial conference held on March 21, 2001, Appellant conceded that in view of the grant of summary judgment on the issue of the limited tort coverage, Appellant would be unable to sustain its burden of proof. As a result of this concession, on March 23, 2001, the trial court issued an order dismissing Appellant's claims against Appellee. Subsequently, on April 4, 2001, the court entered an order discontinuing Appellant's action, thereby making the March 14, 2001 order (granting partial summary judgment in favor of Appellee) final and immediately appealable.[3]

¶ 8 On April 10, 2001, Appellant timely appealed to this Court. The solitary question presented is "whether it was proper for the lower court to enter partial summary judgment in favor of [Appellee,] Joseph Greco and against [Appellant,] Jacob Schwartzberg[,] deeming [Appellant] to be bound by the 'limited tort' threshold." Brief for Appellant, at 3 (full capitalization omitted).

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.... In determining

whether to grant summary judgment a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. Summary judgment may only be granted in cases where it is clear and free from doubt the moving party is entitled to judgment as a matter of law.

*Piluso v. Cohen,* 764 A.2d 549, 550 (Pa.Super.2000) (citations omitted). Consistent with our Supreme Court,

> [i]n examining the trial court's determination, we focus our attention on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. That rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. We have stated quite plainly that failure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof ... establishes the entitlement of the moving party to judgment as a matter of law.

*Manzetti v. Mercy Hosp. of Pittsburgh,* 565 Pa. 471, 776 A.2d 938, 944–945 (2001) (footnote and citations omitted). In examining an entry of summary judgment, we examine the trial court's determination for error of law or abuse of discretion. As with all questions of law, our review is plenary. *Id.* at 944 (citations omitted).

¶ 9 Appellant argues that the trial court erred in holding that Appellant was bound by the limited tort threshold. We dis-

---

**3.** *See Triffin v. Janssen,* 455 Pa.Super. 513, 688 A.2d 1212, 1214 (1997) (an order in which the trial court *sua sponte* imposed discovery sanctions against both parties in a legal malpractice action, which was entered while action was pending, was rendered final and appealable by the discontinuation of the action).

agree. Under the Pennsylvania Motor Vehicle Financial Responsibility Act (MVFRL), 75 Pa.C.S.A. § 1705(a)(5), "an owner of a currently registered private passenger motor vehicle who does not have financial responsibility shall be deemed to have chosen the limited tort alternative." Financial responsibility is defined as "[t]he ability to respond in damages for liability on account of accidents arising out of the maintenance or use of a motor vehicle in the amount of $15,000 because of injury to one person in any one accident, in the amount of $30,000 because of injury to two or more persons in any one accident and in the amount of $5,000 because of damage to property of others in any one accident. The financial responsibility shall be in a form acceptable to the Department of Transportation." 75 Pa.C.S.A. § 1702.

¶ 10 In the case at bar, it is undisputed that at the time of the accident, Appellant was the owner of a 1985 Dodge Caravan; that the Dodge Caravan was a registered vehicle; and that the Dodge Caravan is a private passenger vehicle. The parties also concede the fact that at the time of the accident, Appellant did not have financial responsibility with respect to the Dodge Caravan or any other motor vehicle. Based on these facts, we conclude that at the time of the accident, Appellant was the owner of a registered vehicle who did not have financial responsibility. As such, pursuant to 75 Pa.C.S.A. § 1705(a)(5), Appellant is deemed to have chosen the limited tort alternative.

¶ 11 Appellant argues that at the time of the accident, he was not the owner of a registered private passenger motor vehicle, which does not have financial responsibility. Appellant argues that since at the time of the accident his Dodge Caravan was insured under a policy issued by Progressive Casualty Insurance Company, 75 Pa.C.S.A. § 1705(a)(5) is inapplicable to

him. In support of this interpretation of the statute, Appellant describes the above statutory section as the " 'uninsured vehicle' exception." Brief for Appellant, at 11. Appellant also construes the statute as follows: "75 Pa.C.S.A. § 1705(a)(5) binds a plaintiff with the 'limited tort' threshold if he or she is the owner of a currently registered private passenger motor vehicle which is uninsured." Brief for Appellant, at 11 (emphasis added).

¶ 12 Appellant's interpretation and construction of the statutory section is seriously flawed. First, the legislature never entitled or described the section as the "uninsured vehicle exception," and there is no basis for such title or description. Secondly, Appellant replaces the word "who" in the section with the word "which," thereby, changing the meaning of the section. With this change, the emphasis of the section becomes the insured or uninsured status of the vehicle in question.

¶ 13 However, the unambiguous language of the section states that the "owner of a registered private passenger vehicle who does not have financial responsibility shall be deemed to have chosen the limited tort alternative" (id ), the proper emphasis being on the vehicle owner's lack of financial responsibility and not the vehicle's lack of financial responsibility. Accordingly, we reiterate that pursuant to 75 Pa.C.S.A. § 1705(a)(5), Appellant is deemed to have chosen the limited tort alternative, and the trial court properly concluded that Appellant is bound by the limited tort threshold. The above statutory section sufficiently supports the trial court's grant of partial summary judgment in favor of Appellee.

¶ 14 Apart from the application of 75 Pa.C.S.A. § 1705(a)(5), we also agree with the trial court's grant of partial summary judgment in favor of Appellee on the basis that under the circumstances of this case, it is reasonable to conclude that Ms. Miller

had Appellant's consent and approval in choosing the limited tort coverage.

¶ 15 The following facts and circumstances of this case, when viewed cumulatively, support the imputation of limited tort coverage to Appellant even though Appellant was not a named insured under the policy issued to Karen Miller, the named insured. At the time of the accident, Appellant was the owner the Dodge Caravan, and the title was listed in Appellant's name. Being the owner of the vehicle, no one, including Appellant's resident girlfriend, Karen Miller, could use, dispose of, or insure the vehicle without Appellant's consent and approval. It strains credulity to argue that Karen Miller obtained the insurance on Appellant's vehicle without Appellant's consent and approval.[4] We were not privy to any conversations Appellant may have had with Karen Miller regarding whether to obtain insurance coverage or what type of coverage to obtain for Appellant's vehicle. Nevertheless, we find that when Appellant, the owner of a vehicle, gives another person consent and approval to obtain insurance coverage on the vehicle, Appellant is bound by the insurance coverage chosen by that person.

¶ 16 Parenthetically, we note that although it is not determinative, it is interesting that when Appellant's driving privileges were reinstated, he was added to the insurance policy issued to Karen Miller (on Appellant's vehicle) and they retained the limited tort option.

¶ 17 Based on the foregoing discussion, we find no error or abuse of discretion in the trial court's grant of partial summary

judgment in favor of Appellee. Pursuant to 75 Pa.C.S.A. § 1705(a)(5), Appellant is deemed to have chosen the limited tort alternative. Further, although Appellant was not a named insured on the insurance policy issued to Karen Miller on Appellant's vehicle, under the circumstances of this case, Appellant must be deemed to have consented to the limited tort option chosen by Karen Miller. We therefore affirm the order of the trial court granting Appellee's motion for partial summary judgment, and we also affirm the trial court's order denying Appellant's motion for partial summary judgment.

¶ 18 Orders affirmed.

---

4. *See Ridley v. State Farm Mut. Auto. Ins. Co.,* 745 A.2d 7, 14 (Pa.Super.1999) (It can be inferred that an unmarried couple was acting as one in determining the insurance coverage for the 1984 Mercury they owned together). If action in concert can be inferred when there is joint ownership of the vehicle, in the case at bar where Appellant is the sole owner of the vehicle, it can definitely be inferred that Appellant played a leading role in choosing the type of insurance coverage or, at the very least, participated in the decision to choose the type of insurance coverage.