J-S65033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RICHARD G. SCHMIDT, M.D. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| STEVEN LEBOON AND CASSANDRA LEBOON | : | |
| APPEAL OF: STEVEN LEBOON | : | No. 50 EDA 2017 |

Appeal from the Order Entered December 12, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2013-00951

| | | |
|---|---|---|
| RICHARD G. SCHMIDT, M.D. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| STEVEN LEBOON AND CASSANDRA LEBOON | : | |
| APPEAL OF: CASSANDRA LEBOON | : | No. 55 EDA 2017 |

Appeal from the Order Entered December 12, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2013-00951

BEFORE: OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 12, 2017**

Steven LeBoon ("Steven"), *pro se*, appeals from the Order granting the Motion to Strike Steven's and Cassandra LeBoon's ("Cassandra") (collectively "the LeBoons") Trial Praecipes filed by Richard G. Schmidt, M.D.

("Dr. Schmidt"). Cassandra, *pro se*, appeals from the same Order, which granted the Motion for Sanctions filed by Dr. Schmidt.[1] We affirm the Order as to the ruling precluding the LeBoons from presenting any evidence in opposition to Dr. Schmidt's claims; and striking the LeBoons' defenses under Pennsylvania Rule of Civil Procedure 4019. We quash the remaining appeals.

The trial court set forth the relevant underlying facts as follows:

> In 2009, [Dr. Schmidt] was assigned to perform a medical examination on [] Steven [] relating to a workers' compensation claim [Steven] had recently filed. [Dr. Schmidt] examined [Steven] and submitted a report stating that [Steven's] injuries were not work-related.[2] [Steven] subsequently initiated suit against [Dr. Schmidt] alleging that he suffered intentional infliction of emotional distress and negligent infliction of emotional distress as a result of [Dr. Schmidt's] report. [Dr. Schmidt filed preliminary objections in the nature of a demurrer. The trial court sustained the preliminary objections, and dismissed Steven's complaint with prejudice.] In 2013, [Dr. Schmidt] then filed this action for harassment and wrongful use of civil proceedings alleging that [the LeBoons] harassed [Dr. Schmidt], attempted to extort him and threatened to write a tell-all book involving him.

---

[1] As noted above, the trial court entered a single Order disposing of various Motions. Steven and Cassandra, individually, filed eight separate appeals from the various dispositions. This Court dismissed six of the appeals and consolidated the appeals at 50 and 55 EDA 2017. *See* Order, 3/13/17. Furthermore, while Steven and Cassandra individually filed appeals from the contents of the Order, they have filed a single brief encompassing the entirety of the argument. Hence, we will address the parties and claims together.

[2] Despite Dr. Schmidt's testimony, the Workers' Compensation judge granted Steven's claim for benefits, and Steven elected to settle his claim for a lump sum payment of $185,000.

On November 24, 2014, following a hearing, the [trial c]ourt entered an Order disposing of several discovery-related [M]otions. Specifically, the [trial c]ourt ordered [the LeBoons] to provide responses to [Dr. Schmidt's] Interrogatories and Request for Production of Documents within ten days of the Order. [The LeBoons] unsuccessfully appealed this Order to the Pennsylvania Superior Court, followed by multiple motions for reconsideration[]. [*See Schmidt v. LeBoon*, 134 A.3d 484 (Pa. Super. 2015) (unpublished memorandum).] [The LeBoons'] [P]etition for allowance of appeal *nunc pro tunc* to the Pennsylvania Supreme Court was ultimately denied [by Order dated] June 24, 2016. Thereafter, on July 1, 2016, [Dr. Schmidt] sent a letter to [the LeBoons] requesting their compliance with the November 24, 2014 Order.

On July 26, 2016, [Dr. Schmidt] filed a [M]otion for [C]ontempt after receiving no response from [the LeBoons]. On August 31, 2016, [the LeBoons] failed to appear for the Motion for Contempt hearing. By Order dated the same day, th[e trial c]ourt found [the LeBoons] in contempt and directed [Dr. Schmidt] to file a motion specifying the sanctions requested. On September 8, 2016, [Dr. Schmidt] filed the Motion for Sanctions.

On September 23, 2016, [Dr. Schmidt] filed a Motion for Bench Warrant against Steven Goldflam [("Goldflam")[3]] for his failure to appear for deposition. On October 3, 2016, an [O]rder was entered scheduling a hearing on the Motion for Sanctions and Motion for Bench Warrant for October 12, 2016. Prior to the hearing date, [Dr. Schmidt] requested the hearing be continued[,] and a new hearing was scheduled for December 12, 2016. On November 14, 2016, [Dr. Schmidt] filed a [M]otion to [S]trike and dismiss [the LeBoons'] [T]rial [P]raecipes. The Court heard argument on [Dr. Schmidt's] three [M]otions at the December 12, 2016 hearing. [The LeBoons], again, failed to appear for the hearing.

Following the hearing, the [trial c]ourt entered an [O]rder granting [Dr. Schmidt's] Motion for Sanctions, which included ordering [the LeBoons] to fully and completely respond to the

---

[3] Goldflam is Steven's bookkeeper.

discovery that was the subject of the [trial c]ourt's November 24, 2014 Order[,] and precluding [the LeBoons] from presenting evidence in opposition to [Dr. Schmidt's] claims. [The trial court awarded Dr. Schmidt's counsel $2,500.00 for expenses as a discovery sanction.] The [trial c]ourt also granted in part and denied in part [Dr. Schmidt's] Motion for Issuance of a Bench Warrant against [] Goldflam. The [trial c]ourt ordered [] Goldflam to produce [the LeBoons'] tax returns for the years 2007-2013 and any email correspondence in [] Goldflam's possession by and between [] Goldflam and [the LeBoons]. Finally, the [trial c]ourt granted [Dr. Schmidt's] Motion to Strike [the LeBoons'] Trial Praecipes. On December 16, 2016, [the LeBoons] filed eight [N]otices of appeal to the Superior Court, challenging various rulings contained in the December 12, 2016 Order.

Trial Court Opinion, 2/14/17, at 1-3 (unnumbered, footnotes added).

The trial court ordered the LeBoons to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement. The LeBoons filed a timely Concise Statement.

On appeal, the LeBoons raise the following questions for our review:

1. Was it an abuse of discretion [granting] $2,500.00 [to Dr. Schmidt's attorney and directing the LeBoons] to deliver answers to interrogatories within ten days[,] in person[,] when [Dr. Schmidt's a]ttorney knew that [there was] a [no] trespass order in place executed on May 1, 2013[?] The [LeBoons] had no other choice [but] to resend (twice) by US Mail. The [LeBoons] respectfully request[] to vacate[.]

2. Was it an abuse of discretion to order contempt of court charges to [] Goldflam, within ten days[,] in person[,] for a second deposition? The [Pennsylvania] Supreme Court has the pending appeal of allowance from [Steven] of the Brady Law Doctrine [v]iolations[.] The [LeBoons] respectfully request[] to vacate[.]

3. Should the court have vacated [Dr. Schmidt's] sanctions motions when [Dr. Schmidt] failed to appear in court on October 12, 2016[,] and the [LeBoons] had no formal court

- 4 -

order to skip the hearing?  The [LeBoons] respectfully request to vacate due to [Dr. Schmidt's] sanctions motion, which nullifies the $2,500.00 sanction to [the LeBoons][.]

4. Did the [trial] court abuse its discretion by not compelling [Dr. Schmidt] to provide emails and/or certificate[s] of service[] that w[ere] filed in discovery court by [the LeBoons,] and then sent over to [the Honorable Jeffrey] Finley's court by Judge [Gary] Gilman's [court,] to review the [M]otion demanding the evidence to be furnished to the [LeBoons] proving that [Dr. Schmidt's] sanctions [M]otion were frivolous and baseless?  The [LeBoons] respectfully request[] to vacate[.]

5. Did the [trial] court abuse [the LeBoons'] 14th Amendment rights of due process by striking [their] omnibus praecipes (trial readiness), Supremacy Clause of U[nited States] [Constitution], P[ennsylvania] Constitutional Article 1, Sec 6 & Article 1 Sec 26, to have [their] case heard before two different jurys?  The [LeBoons] respectfully request to vacate and send cases to two trials.  The [LeBoons] respectfully request[] to vacate[.]

6. Did the [trial] court abuse [the Leboons'] 14th Amendment rights of due process by denying [their] Motion to Dismiss final/judgment on the pleadings without reviewing the sworn testimony of [Dr. Schmidt] that the underlying case is not a Dragonetti action case?  The [LeBoons] respectfully request[] to vacate.

7. Did the [trial] court abuse its discretion by keeping an illegal case alive when it denied both Motion[s] to Dismiss final/judgment on the pleadings by [the LeBoons,] and by removing the trial readiness/omnibus praecipes?  Is this conflict by exhausting all civil stages within Pennsylvania Law an illegal event created by the trial court by causing the case to be in judicial limbo?  The [LeBoons] respectfully request to vacate and reverse the final/judgments on the pleadings[.]

Brief for Appellants at 13-14.

Initially, the LeBoons' *pro se* brief is noncompliant with Pennsylvania

Rule of Appellate Procedure 2119(a), which requires that the "argument

shall be divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a). Rather, the LeBoons present seven questions to be argued, but only a single, six-page argument. *See* Brief for Appellants at 24-29. Nevertheless, because the LeBoons are proceeding *pro se*, we will address those claims that are discernible from their rambling argument. *See Branch Banking & Tr. v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006) (stating that "[w]hile this court is willing to liberally construe materials filed by a *pro se* litigant, [the] appellant is not entitled to any particular advantage because she lacks legal training. … [A]ny layperson[s] choosing to represent [themselves] in a legal proceeding must, to some reasonable extent, assume the risk that [their] lack of expertise and legal training will prove [their] undoing.") (citation omitted).

The LeBoons contend that their due process rights were violated by the trial court's actions. Brief for Appellant at 24. The LeBoons argue that the sanctions should be reversed because Judge Finley refused to review any of their objections or their replies and responses to the interrogatories. *Id.* at 25, 26, 27; *see also id.* at 26 (wherein the LeBoons argue that they complied with all court orders); *id.* at 25 (wherein the LeBoons point out that they also filed a motion compelling Dr. Schmidt's attorney to turn over emails and certificates of service prior to the date that discovery concluded). The LeBoons assert that they went to court to contest the Motion for Sanctions, but Dr. Schmidt's attorney failed to appear and the trial court did

not allow them to speak or present any legal objections. *Id.* at 25-26; *see also id.* at 26 (wherein the LeBoons argue that the case is fraudulent and that they have been unable to overcome various errors of law). The LeBoons claim that Dr. Schmidt never sent a letter demanding misplaced or missing interrogatories, but instead filed fraudulent claims of contempt. *Id.* at 27-29; *see also id.* at 29 (wherein the LeBoons argue that Dr. Schmidt acted maliciously and vindictively in filing the action).

Here, the trial court addressed the LeBoons' various claims regarding the December 12, 2016 Order in its Opinion. *See* Trial Court Opinion, 2/14/17, at 3-9 (unnumbered). Specifically, the trial court determined that the LeBoons' appeal as to the award of $2,500.00 to Dr. Schmidt's counsel as a sanction was an interlocutory appeal and not ripe for disposition. *See id.* at 5 (unnumbered). The trial court also found that the appeal from the grant of Dr. Schmidt's Motion to Strike Trial Praecipes was not appealable because it did not end the litigation. *See id.* (unnumbered).[4]

Additionally, with regard to the appeal concerning Dr. Schmidt's Motion for Sanctions, the trial court addressed its ruling precluding the LeBoons from presenting any evidence in opposition to Dr. Schmidt's claims

---

[4] The trial court also noted that in ruling upon Dr. Schmidt's Motion to Strike the Trial Praecipes, it found that the LeBoons failed to comply with Bucks County Rule of Civil Procedure 261. *See id.* at 4-5 (unnumbered); *see also id.* at 5 (unnumbered) (wherein the trial court indicated that the LeBoons are free to file the trial praecipes following the completion of discovery).

and striking the LeBoons' defenses under Civil Rule 4019. ***See id.*** at 5-8 (unnumbered). The trial court found this portion of the Order was appealable, and determined that the LeBoons "acted with intentional disregard for the discovery process," by failing to comply with the November 24, 2014 discovery Order. ***See id.*** at 5, 8 (unnumbered). The trial court stated that the LeBoons have not complied with the November 24, 2014 Order, have not provided an excuse for this failure, and have negatively impacted Dr. Schmidt's action by refusing to provide responses. ***See id.*** at 8 (unnumbered). The trial court further noted that it considered the LeBoons' response to the Motion for Sanctions, despite the LeBoons' failure to appear at the hearing, prior to entering its ruling. ***See id.*** at 8-9 (unnumbered). Thus, the trial court determined that the sanctions of precluding the LeBoons from presenting evidence and striking their defenses was necessary in light of their egregious discovery delays. ***See id.*** at 5-9 (unnumbered).

Following our review of the briefs and relevant legal authority, we adopt the sound reasoning of the trial court for the purpose of this appeal, and conclude that the LeBoons have not presented any arguments that demonstrate that the trial court's reasoning is flawed. ***See id.*** at 3-9

(unnumbered).[5]  Thus, we affirm the December 12, 2016 Order in part and quash the remaining appeals.

Order affirmed in part.  Remaining appeals quashed.  Application for Relief denied.[6]

---

[5] We note that the LeBoons do not comply with Pa.R.A.P. 2111(a)(9), which requires a "short conclusion stating the precise relief sought."  Pa.R.A.P. 2111(a)(9).  Instead, the LeBoons offer a conclusion that stretches over six pages and includes arguments and citations to authority regarding referring Dr. Schmidt's conduct to the district attorney for criminal prosecution.  Brief for Appellants at 29-34.  The LeBoons did not raise such an issue in the trial court; thus, it is not properly before us on appeal.  **See** Pa.R.A.P. 302(a).  In the Conclusion, the LeBoons also assert that the trial court's direction to Goldflam to produce their tax returns violates federal law.  Brief for Appellants at 33-34.  The trial court determined that the portion of the Order directing Goldflam to produce the tax returns was an interlocutory order and not appealable.  **See** Trial Court Opinion, 2/14/17, at 9 (unnumbered).  The LeBoons do not argue or demonstrate that this portion of the Order is an appealable collateral order.  **See Gesiorski**, 904 A.2d at 942–43 (stating that "we decline to become the appellant's counsel.  When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof."); **see also** Pa.R.A.P. 2119(a).

[6] Dr. Schmidt has filed an Application for Relief, asking this Court to direct the Court of Common Pleas of Bucks County to hold a hearing to determine whether the LeBoons have perpetrated a fraud on the courts regarding their petitions to proceed *in forma pauperis*.  We decline to grant the Application based upon the facts and evidence before this Court.  Nevertheless, Dr. Schmidt is free to file the Application before the court of common pleas to seek a hearing on this matter.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CIVIL DIVISION

RICHARD G. SCHMIDT, M.D.,          :
                                   :     No. 2013-00951
                                   :
          v.                       :     50 EDA 2017
                                   :     51 EDA 2017
                                   :     53 EDA 2017
STEVEN L. LEBOON &                 :     54 EDA 2017
CASSANDRA LEBOON                   :     55 EDA 2017
                                   :     56 EDA 2017
                                   :     57 EDA 2017
                                   :     58 EDA 2017
                                   :

## OPINION

Steven LeBoon and Cassandra LeBoon (hereinafter "Appellants") appeal *pro se* from this Court's December 12, 2016 Order granting Dr. Richard G. Schmidt's (hereinafter "Appellee") Motion for Sanctions, Motion to Strike Appellants' Trial Praecipes and Appellee's Motion for Issuance of a Bench Warrant against a third-party, Steven Goldflam, which was granted in part. Although Appellants chose to file eight separate notices of appeal related to the same Order, we file one consolidated Opinion in support of the Court's Order, pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

## I.    FACTUAL AND PROCEDURAL HISTORY

In 2009, Appellee was assigned to perform a medical examination on Appellant Steven LeBoon relating to a workers' compensation claim Appellant had recently filed. Appellee examined Appellant and submitted a report stating that Appellant's injuries were not work-related. Appellant subsequently initiated suit against Appellee alleging that he suffered intentional infliction of emotional distress and negligent infliction of emotional distress as a result of Appellee's report. In 2013, Appellee then filed this action for harassment and wrongful

use of civil proceedings alleging that Appellants, Steven LeBoon and his wife, Cassandra LeBoon, harassed Appellee, attempted to extort him and threatened to write a tell-all book involving him.

On November 24, 2014, following a hearing, this Court entered an Order disposing of several discovery-related motions. Specifically, the Court ordered Appellants to provide responses to Appellee's Interrogatories and Request for Production of Documents within ten days of the Order. Appellants unsuccessfully appealed this Order to the Pennsylvania Superior Court, followed by multiple motions for reconsiderations. Appellants' petition for allowance of appeal nunc pro tunc to the Pennsylvania Supreme Court was ultimately denied on June 24, 2016. Thereafter, on July 1, 2016, Appellee sent a letter to Appellants requesting their compliance with the November 24, 2014 Order.

On July 26, 2016, Appellee filed a motion for contempt after receiving no response from Appellants. On August 31, 2016, Appellants failed to appear for the Motion for Contempt hearing. By Order dated the same day, this Court found Appellants in contempt and directed Appellee to file a motion specifying the sanctions requested. On September 8, 2016, Appellee filed the Motion for Sanctions.

On September 23, 2016, Appellee filed a Motion for Bench Warrant against Steven Goldflam for his failure to appear for deposition. On October 3, 2016, an order was entered scheduling a hearing on the Motion for Sanctions and Motion for Bench Warrant for October 12, 2016. Prior to the hearing date, Appellee requested the hearing be continued and a new hearing was scheduled for December 12, 2016. On November 14, 2016, Appellee filed a motion to strike and dismiss Appellants' trial praecipes. The Court heard argument on Appellee's three motions at the December 12, 2016 hearing. Appellants, again, failed to appear for the hearing.

Following the hearing, the Court entered an order granting Appellee's Motion for Sanctions, which included ordering Appellants to fully and completely respond to the discovery that was the subject of the Court's November 24, 2014 Order and precluding Appellants from presenting evidence in opposition to Appellee's claims. The Court also granted in part and denied in part Appellee's Motion for Issuance of a Bench Warrant against Steven Goldflam. The Court ordered Mr. Goldflam to produce Appellants' tax returns for the years 2007-2013 and any email correspondence in Mr. Goldflam's possession by and between Mr. Goldflam and Appellants. Finally, the Court granted Appellee's Motion to Strike Appellants' Trial Praecipes. On December 16, 2016, Appellants filed eight notices of appeal to the Superior Court, challenging various rulings contained in the December 12, 2016 Order.

## II.    STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

On January 30, 2017, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), Appellants filed a joint Statement of Errors Complained of on Appeal. In light of Appellants' inclusion of two pages of previously-offered constitutional arguments and in-depth discussions of United States Supreme Court case law that this Court and the Superior Court has considered in Appellants' previous appeals, in the interest of brevity, we have distilled Appellants' allegations of error into the following issues:

1. The Court erred by failing to take Appellants' objections, responses and replies to Appellee's Motion for Sanctions into consideration; and
2. The Court violated Appellants' due process rights pursuant to the Fourteenth Amendment to the United States Constitution.

## III.    DISCUSSION

Appellants filed one Notice of Appeal for each ruling contained in the December 12, 2016 Order. Each Notice of Appeal cites to Pennsylvania Rule of Appellate Procedure 311 as the

basis for the appeal. We will first discuss whether the December 12, 2016 Order is appropriately appealable. We will then address the Court's reasoning for imposing sanctions upon Appellants and briefly discuss any applicable arguments asserted by Appellants in their Statement of Errors.

An appeal is appropriate only if it is from a final order unless otherwise permitted by statute or rule. See Jenkins v. Hospital of Medical College of Pennsylvania, 634 A.2d 1099, 1102 (Pa. 1993). A final order is one which "ends the litigation or, alternatively, disposes of the entire case." Fried v. Fried, 501 A.2d 211, 213 (Pa. 1985). Pennsylvania Rule of Appellate Procedure 311 sets forth several specific circumstances where an interlocutory order is appealable as of right. See Pa.R.A.P. 311. The Rule further provides that an order may be appealable if the order is "made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." See Pa.R.A.P. 311(8).

Appellants' first Notice of Appeal relates to the Court's grant of Appellee's Motion to Strike Appellants' trial praecipes. This Court granted Appellee's Motion because Appellants failed to comply with Bucks County Rule of Civil Procedure 261 when filing their trial praecipes. Bucks County Rule of Civil Procedure 261(a) requires all trials by jury be ordered on the trial list by praecipe. The trial praecipe shall contain express certification by the filing party's counsel that the case is at issue and ready for trial. See B.C.R.C.P. 261(a). Prior to the filing of this praecipe, counsel for the party intending to certify a case for trial is required to serve a certification notice upon opposing counsel. B.C.R.C.P. 261(b). Fifteen days after service of the certification notice, any party may then order the case on the trial list. B.C.R.C.P. 261(b).

Appellants filed their trial praecipes on September 26, 2016. Appellants certified the case for trial and indicated that the certification notice was effected on the same day. Accordingly, the Court found that Appellants failed to provide the certification notice to Appellee fifteen days in

advance of filing the trial praecipes, in violation of Bucks County Rule of Civil Procedure 261(b). Additionally, Appellants certified that discovery is complete by signing the trial praecipe despite the fact that Appellants have yet to comply with this Court's November 24, 2014 Order directing Appellants to produce various outstanding discovery responses. The Court therefore ordered the trial praecipes be stricken from the docket. This ruling is not appropriately appealable, however, because striking the trial praecipes did not end the litigation. Appellants are free to file the trial praecipes again in accordance with the Bucks County Rules of Civil Procedure once discovery is complete.

Next, Appellants appeal the Court's award of counsel fees in favor of Appellee, directing Appellants to deliver a certified check in the amount of $2500 to Appellee's counsel. Discovery sanction orders are interlocutory and are not appealable until the underlying case is completed. See Baranowksi v. American Multi-Cinema, Inc., 688 A.2d 207 (Pa. Super. Ct. 1997); Christian v. Pennsylvania Financial Responsibility Assigned Claims Plan, 686 A.2d 1 (Pa. Super. Ct. 1996). Specifically, courts in Pennsylvania have found that orders awarding expenses as a discovery sanction are interlocutory. See Triffin v. Janssen, 688 A.2d 1212 n. 2 (Pa. Super. Ct. 1997). Accordingly, appellate review of this Court's ruling awarding counsel fees in favor of Appellee as a discovery sanction is not yet ripe.

Next, Appellants appeal the remainder of this Court's ruling on Appellee's Motion for Sanctions, ordering Appellants to comply with the November 24, 2014 Order within ten days and precluding Appellants from presenting evidence in opposition to Appellee's claims and striking Appellants' defenses with prejudice pursuant to Pennsylvania Rule of Civil Procedure 4019(c)(2). This is the only ruling that this Court perceives as arguably appealable.

A majority of Pennsylvania courts have held that a discovery sanction order that excludes evidence or defenses is an interlocutory order and therefore unappealable. See Bruno v. Elitzky, 526 A.2d 781 (Pa. 1987); Elderkin, Martin, Kelly, Messina & Zamboldi v. Sedney, 511 A.2d 858 (Pa. Super. Ct. 1986); McManus v. Chubb Group of Ins. Cos., 493 A.2d 84 (Pa. Super. Ct. 1985). The Superior Court has traditionally held that sanction orders are not appealable until the conclusion of the case in the interest of avoiding multiple "piecemeal" appeals. See, e.g., Fox v. Gabler, 547 A.2d 399 (Pa. Super. Ct. 1988).

However, courts have also found that sanction orders are final and properly appealable when the sanction effectively puts the sanctioned party out of court. See Weist v. Atlantic Richfield Co., 543 A.2d 142 (Pa. Super. Ct. 1988); Kirsch v. Parking Auth. of New Castle, 558 A.2d 930 (Pa. Commw. 1989). An order puts "a party 'out of court' if it precludes proof of facts at trial, which if determined in favor of the pleader, would provide him with a complete defense to the action." Zarnecki v. Shepegi, 532 A.2d 873, 874 (Pa. Super. Ct. 1987) (citing Posternack v. American Casualty Co. of Reading, 218 A.2d 350 (Pa. 1966)). The court in Weist held that a discovery sanction order that precluded appellant from presenting witnesses was appealable because it amounted to putting appellant out of court for all practical purposes, as it precluded appellant from presenting a defense. See Weist, 543 A.2d at 144, n.5.

Here, this Court's Order precluded Appellants from presenting defenses or presenting evidence in opposition to Appellee's claims. The Order is similar to the Weist order in that precluding Appellant from presenting defenses or evidence in opposition to Appellee's claims likely puts Appellant "out of court" for all practical purposes. Accordingly, this Court will treat the Order—limited to the portion of the Order striking Appellant's defenses and precluding evidence—as properly appealable due to its similarity to the Weist order and in the interest of

informing the Superior Court of the reasoning behind this Court's decision to impose the sanctions.

Pursuant to Pennsylvania Rule of Civil Procedure 4019, when a party fails to permit discovery, or fails to comply with a court order regarding discovery, a court, on motion, may issue an order refusing to allow the disobedient party to support or oppose claims or defenses or prohibit the disobedient party from introducing evidence. See Pa.R.C.P. 4019(a)(1)(viii), 4019(c)(2). The imposition of sanctions for failure to obey a discovery order is within the sound discretion of the trial court. See Feingold v. Philadelphia Nat'l Bank, 460 A.2d 339 (Pa. Super. Ct. 1983). However, the court must fashion a sanction that is appropriate when compared to the violation of the discovery rules. See Steinfurth v. LaManna, 590 A.2d 1286 (Pa. Super. Ct. 1991). The trial court's order imposing a discovery sanction will not be reversed unless the court abused its discretion. See Croydon Plastics Co. v. Lower Bucks Cooling & Heating, 698 A.2d 625 (Pa. Super. Ct. 1997). Abuse of discretion includes errors of judgment as well as misapplications of the law. See Racunas v. Ringgold Sch. Dist., 452 A.2d 917 (Pa. Commw. 1982).

In imposing discovery sanctions, the court must "strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties." Miller Oral Surgery, Inc. v. Dinello, 611 A.2d 232, 234 (Pa. Super. Ct. 1992). The court must analyze the disobedient party's failure to comply with discovery in light of the prejudice caused to the opposing party. See Brunetti v. Southeastern Pennsylvania Transp. Authority, 478 A.2d 889 (Pa. Super. Ct. 1984). "Whether the failure to provide information represents a willful disregard of a court order is also a factor to be considered." Miller Oral Surgery, Inc., 611 A.2d at 234.

Appellants' failure to participate in the discovery process has caused delays in the disposition of this case. Appellants have chosen to continuously disregard this Court's November 24, 2014 discovery order for over two years. Appellants unsuccessfully appealed the Order, ultimately resulting in the Pennsylvania Supreme Court's rejection of Appellant's nunc pro tunc appeal. Despite this, Appellants have yet to comply. Appellants have not specifically addressed a reason or excuse for their failure to comply with the Order. Additionally, Appellants failed to appear at the hearing on Appellee's Motion for Sanctions despite receiving adequate notice. Thus, this Court found that Appellants acted with intentional disregard for the discovery process and this Court's Order in refusing to provide the responses.

Appellants' failure to provide the discovery responses as ordered has hampered Appellee's ability to conduct depositions and proceed with discovery. Appellee also expressed—in his Motion for Sanctions and at the hearing on the Motion—the negative impact Appellants' refusal to provide responses has had on Appellee's overall ability to properly pursue this action. Accordingly, this Court was satisfied that sanctions were warranted and necessary in light of the prejudice Appellants' egregious delay in the discovery process and in complying with this Court's two-year-old Order has caused to Appellee.

Appellants' first allegation of error on appeal asserts that the Court failed to consider Appellants' responses to Appellee's Motion for Sanctions. Appellants cite Pennsylvania Rule of Appellate Procedure 1925(a)(4)(vi) in support of their argument. Rule 1925(a)(4)(vi) provides that where an appellant cannot readily discern the basis for the judge's decision, the appellant shall preface his statement of errors with an explanation as to why his statement contains general terms and that such a general statement cannot be grounds for finding waiver. Appellants seem to assert that this Rule requires the Court to offer an explanation as to why we imposed sanctions

upon Appellants. However, this Rule merely serves to protect an appellant from incidentally waiving particular issues on appeal because the Court did not provide reasoning to support a decision. The Rule does not require a trial court to provide appellant with an opinion or reasons to support an order.

This Court received, read and considered Appellants' response to Appellee's Motion for Sanctions prior to the December 12, 2016 hearing. However, Appellants failed to appear at the hearing and therefore forfeited their chance to present argument to the Court. Nonetheless, the Court's ruling was made only after considering Appellee's Motion, Appellee's argument, as well as Appellants' response to Appellee's Motion for Sanctions.

Appellants' second allegation of error asserts that the Court violated their due process rights. Although Appellant fails to convey how the Court has allegedly violated these rights, his discussion of case law involving access to documents implies that Appellants are referencing the Court's Order requiring the production of Appellants' tax records. The Court will therefore not address this argument because, as discussed above, such a discovery order is interlocutory and not properly appealable at this time.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that the issues of which Appellants have complained in this appeal are without merit.

DATE: February 13, 2017

BY THE COURT:

Jeffrey L. Finley, P.J.