IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Cook,                                    :
                        Appellant                :
                                                 :
            v.                                   :   No. 638 C.D. 2017
                                                 :   Argued: March 9, 2018
City of Philadelphia Civil Service               :
Commission                                       :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge[1]

OPINION
BY PRESIDENT JUDGE LEAVITT                        FILED: January 7, 2019

Michael Cook appeals an order of the Court of Common Pleas of Philadelphia County (trial court) dismissing his local agency appeal *sua sponte* because he failed to file a brief by the date set forth in the trial court's scheduling order.[2] Cook argues that the trial court lacked authority to dismiss the case *sua sponte*, and the City of Philadelphia Civil Service Commission (City) was not prejudiced by his failure to file a brief. We reverse and remand.

**Background**

In 2012, Cook applied for the position of Philadelphia Police Officer and was placed on a list of eligible candidates by the City's Office of Human Resources. All eligible candidates must undergo a psychological evaluation, which Cook did. He received a score of 7.5; the passing score was 8.0. On May 6, 2013, the Philadelphia Police Department advised Cook by letter that because he did not

---

[1] This case was decided before Senior Judge Pellegrini's service on the Court ended on December 31, 2018.

[2] On March 8, 2018, this matter was held in abeyance pending mediation; it was reinstated for decision on November 20, 2018, because an agreement was not reached.

receive a passing score on his psychological evaluation, he would "not be given any further consideration for appointment to [the] position." Reproduced Record at 127a (R.R. __). Cook's name was removed from the list of eligible candidates.

Cook appealed to the City's Office of Human Resources, challenging the validity of his psychological evaluation and his removal from the list of eligible candidates. On June 13, 2013, Cara Leheny, the Divisional Deputy City Solicitor, advised Cook, via letter, that she was in charge of investigating his claim of irregularities regarding his psychological evaluation. On September 8, 2016, Cook received a letter from Glenn Harper, an Executive Assistant at the Office of Human Resources, denying his request for reinstatement to the list of eligible candidates.

Cook appealed to the trial court, identifying the decision under appeal as one made by the "Director of the Civil Service Commission." Notice of Appeal at 1; R.R. 10a. Cook asserted that the Civil Service Commission was part of the City's Office of Human Resources and charged with the creation and management of lists of eligible police officer recruits. Cook further asserted that he was improperly removed from the eligibility list because his psychological evaluation was not completed in accordance with the City's "Personnel Department Examiner's Manual" (Personnel Manual). R.R. 20a-50a. Cook challenged the credentials of the interviewer and the method used to calculate his score. He also claimed the City's Personnel Manual guaranteed him a right to request a second evaluation, but he was not informed of this right.

On September 30, 2016, the trial court issued a case management order, directing Cook to obtain a transcript of the Civil Service Commission hearing and to file it electronically with the court. The City responded that Cook was appealing a decision of the Office of Human Resources, not the Civil Service Commission.

2

Because the Civil Service Commission had neither held a hearing nor rendered any decision, it had "no associated record that can be filed." R.R. 67a.

On November 17, 2016, the trial court issued a scheduling order directing Cook to file any motion for extraordinary relief and a supporting brief by February 6, 2017. The City's brief was due by March 6, 2017.

On January 25, 2017, Cook filed a motion for extraordinary relief seeking 120 days to conduct discovery and create a record regarding the procedures set forth in the Personnel Manual in order to establish that his removal from the eligibility list was improper. The City responded that a decision to remove an applicant from a list of eligible candidates for failing a psychological evaluation is not appealable because an applicant has no property interest in prospective employment. On February 8, 2017, the trial court denied Cook's motion.

Cook did not file a brief by February 6, 2017. On March 6, 2017, the City filed a brief.[3] On April 17, 2017, the trial court dismissed Cook's appeal. The order provided no explanation for the dismissal.[4]

After Cook's appeal to this Court, the trial court filed an opinion in support of its order pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).[5]

---

[3] In its brief, the City argues that Cook's appeal lacks merit because he had no property right or vested interest in continued placement on the eligibility list. The City does not cite Cook's failure to file a brief.

[4] Cook filed for reconsideration. Cook assumed that his appeal was dismissed based on the City's response to his motion for extraordinary relief. His motion for reconsideration asserted that the removal of his name from the eligibility list did constitute a final order. The trial court denied reconsideration, without discussion.

[5] It provides, in relevant part:

> Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least

3

The trial court explained that Cook's appeal was dismissed as a sanction for noncompliance with its scheduling order. Specifically, Cook's brief was due by February 6, 2017. At the time the trial court dismissed the case, *i.e.*, April 17, 2017, the brief was 70 days overdue.

The trial court asserted that it had authority to dismiss Cook's appeal under Pennsylvania Rule of Appellate Procedure 2188, which states as follows:

> If an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by these rules, or within the time as extended, *an appellee may move for dismissal of the matter*. If an appellee fails to file his brief within the time prescribed by these rules, or within the time as extended, he will not be heard at oral argument except by permission of the court.

PA. R.A.P. 2188 (emphasis added). The trial court acknowledged that the First Judicial District of Pennsylvania, *i.e.*, Philadelphia County, has not adopted Rule 2188. Rather, the Philadelphia County Rules of Civil Procedure govern local agency appeals, and they do not authorize sanctions for not filing a brief. The trial court relied, instead, upon *King v. City of Philadelphia*, 102 A.3d 1073 (Pa. Cmwlth. 2014), for the proposition that "a trial court, acting as an appellate court, may look to the Pennsylvania Rules of Appellate Procedure for guidance and 'such points of procedure are best left to the sound discretion of the trial court.'" *Id.* at 1077 (quoting *City of Pittsburgh v. Kisner*, 746 A.2d 661, 664 (Pa. Cmwlth. 2000)).

---

a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

PA. R.A.P. 1925(a).

## Issues

On appeal to this Court,[6] Cook raises two issues. First, he argues that the trial court abused its discretion in dismissing the case because Rule 2188 does not authorize a trial court to dismiss an appeal *sua sponte* when a party does not file a brief. Second, he argues the trial court erred and abused its discretion in dismissing his case because the City was not prejudiced by his failure to file a brief. In response, the City argues Cook's appeal should be dismissed as moot.

## Pennsylvania Rule of Appellate Procedure 2188

Cook acknowledges that he did not file a brief. He argues that because he never had a hearing of any sort, there was no record or brief that could be filed as contemplated by Rule 2188. He contends that the trial court arbitrarily dismissed his appeal "for not filing an empty brief[.]" Cook Brief at 19. Further, the trial court had no authority to act *sua sponte*.

The City responds that a court may dismiss a case for failure of a party to follow any procedural rule, including a failure to file a brief. In support, the City directs the Court to seven cases where appeals were dismissed for failure to file a brief, none of which involve Rule 2188.[7]

---

[6] A trial court's order imposing sanctions for noncompliance with a procedural rule is reviewed under the abuse of discretion standard. *Muth v. Ridgway Township Municipal Authority*, 8 A.3d 1022, 1027 (Pa. Cmwlth. 2010). "An abuse of discretion is defined as a misapplication of the law, a manifestly unreasonable exercise in judgment, or a final result that evidences partiality, prejudice, bias, or ill-will." *I.B.P.O.E. of West Mount Vernon Lodge 151 v. Pennsylvania Liquor Control Board*, 969 A.2d 642, 648 (Pa. Cmwlth. 2009).

[7] The City cites to five *per curiam* orders by the Pennsylvania Supreme Court dismissing appeals due to the appellants' failure to file a brief: *Joseph v. Pennsylvania Department of Probation and Parole*, 28 A.3d 867 (Pa. 2011); *Gibson v. Pennsylvania Department of Probation and Parole*, 22

We begin with a review of *King*, 102 A.3d 1073, on which the trial court based its dismissal of Cook's appeal. In that case, Mr. King challenged 17 parking ticket fines, asserting that the hearing examiner had incorrectly interpreted the law. He requested an appeal hearing from the City of Philadelphia, Bureau of Administrative Adjudication (Bureau). He submitted documentary evidence in support of his position but did not appear at the hearing. The Bureau issued a final determination upholding all 17 parking tickets.

King then appealed to the trial court, claiming the Bureau failed to give him adequate notice of the hearing date. The trial court directed King to file a brief by March 4, 2013. On March 20, 2013, the Bureau filed a motion to quash the appeal because King had not filed a brief.[8] King then obtained counsel, who unsuccessfully sought reconsideration.

The trial court granted the Bureau's motion to quash the appeal. King appealed to this Court, asserting that he missed the deadline for filing a brief because he did not know how to prepare one. This Court affirmed the trial court's dismissal of his appeal.

---

A.3d 1030 (Pa. 2011); *Veasy v. Pennsylvania Department of Probation and Parole*, 22 A.3d 1029 (Pa. 2011); *Szarewicz v. McCormick*, 973 A.2d 427 (Pa. 2009); *and Ray v. Pennsylvania Board of Probation and Parole*, 741 A.2d 185 (Pa. 1999). City Brief at 10. The City does not explain the relevance of these five *per curiam* orders.

Notably, Pennsylvania Rule of Appellate Procedure 3305, which applies solely to the business of the Pennsylvania Supreme Court, permits a party to be penalized "upon the failure to comply with the rules of appellate procedure[.]" PA. R.A.P. 3305. The sanctions include "[q]uashing the appeal, petition or motion[.]" *Id*.

The City also cites two other cases: *Commonwealth v. Shaffer*, 712 A.2d 749 (Pa. 1998) (trial court abused its discretion in dismissing criminal case because prosecutor did not schedule trial within time set forth in scheduling order) and *Brocker v. Brocker*, 241 A.2d 336 (Pa. 1968) (holding father in civil contempt for failing to return his children to their mother pursuant to custody order). City Brief at 10. The relevance of these two cases is opaque.

[8] The appellant had requested an extension of time to file a brief, but the trial court denied it.

This Court explained that because a full record was made before the local agency, the trial court reviewed the appeal as an appellate court. *King*, 102 A.3d at 1076. We explained that the Pennsylvania Rules of Appellate Procedure do not apply to a trial court acting in an appellate capacity on a local agency appeal unless the county where that trial court sits has specifically adopted the Pennsylvania Rules of Appellate Procedure. Nevertheless, we reasoned that a "trial court, acting as an appellate court, may look to the Pennsylvania Rules of Appellate Procedure for guidance and 'such points of procedure are best left to the sound discretion of the trial court.'" *Id.* at 1077 (quoting *Kisner*, 746 A.2d at 664). We noted that Rule 2188 permits an appellee to "move for dismissal" where the appellant does not file a brief within the time prescribed. *King*, 102 A.3d at 1077 (quoting *Civil Service Commission of the City of Philadelphia v. Farrell*, 513 A.2d 1123, 1125 (Pa. Cmwlth. 1986)). We concluded that the trial court did not err or abuse its discretion in quashing King's appeal.

Cook argues that *King* is distinguishable. First, it involved a case where there had been a complete evidentiary record made before the local agency. By contrast, here, there has not been an evidentiary hearing. Second, in *King*, the trial court acted upon a motion to quash.

Rule 2188 specifies that "an appellee may move for dismissal of the matter[ ]" where an appellant fails to file a brief. PA. R.A.P. 2188. Rule 2188 does not give a trial court authority to act *sua sponte*, as the trial court did on Cook's appeal. Precedent shows that Rule 2188 has applied only where a party has filed a motion to quash. *See, e.g., Smith v. City of Philadelphia*, 147 A.3d 25 (Pa. Cmwlth. 2016) (motion to quash for violation of trial court's scheduling order); *Pedro v. Bureau of Administrative Adjudication* (Pa. Cmwlth., No. 876 C.D. 2017, filed July

10, 2017) (unreported) (motion to dismiss for appellant's failure to file a brief);[9] *Powelton Village Civic Association v. Philadelphia Zoning Board of Adjustment* (Pa. Cmwlth., No. 355 C.D. 2015, filed January 27, 2016) (unreported) (motion to quash for appellant's failure to file a brief.)

The City has not identified any authority for the proposition that a trial court may *sua sponte* dismiss a case under Rule 2188. Further, other rules of court procedure specify when a court may act *sua sponte*. *See, e.g.,* PA. R.A.P. 1573(f) ("A petitioner may file an application for a stay in the trial or appellate court pending the determination of the petition for review, or the trial or appellate court may issue a stay *sua sponte*."); PA. R.C.P. No. 1023.3 ("On its own initiative, the court may enter an order describing the specific conduct that appears to violate Rule 1023.1(c) [regarding signing of documents] and directing an attorney, law firm or party to show cause why it has not violated Rule 1023.1(c) with respect thereto."); PA. R.C.P. No. 1930.7 ("At any time in the proceedings, the court, the court's designee or the master, *sua sponte* or upon application of any party, may hold a status conference…."); PA. R.C.P. No. 1012.1(f) ("The court may revoke an admission *pro hac vice sua sponte* or upon the motion of a party, if it determines, after a hearing or other meaningful opportunity to respond, the continued admission *pro hac vice* is inappropriate or inadvisable.").

The First Judicial District has not adopted the Pennsylvania Rules of Appellate Procedure to govern its handling of local agency appeals. Likewise, the First Judicial District has not adopted a rule authorizing the dismissal of a case where a party does not file a brief in accordance with a scheduling order.

---

[9] Pursuant to this Court's Internal Operating Procedures, an unreported opinion of the Court filed after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code §69.414(a).

In *Kirsch v. Parking Authority of the City of New Castle*, 558 A.2d 930 (Pa. Cmwlth. 1989), this Court addressed whether a trial court's sanction, imposed *sua sponte*, was permissible under Pennsylvania Rule of Civil Procedure No. 4019(a)(1).[10] Specifically, Rule No. 4019(a)(1) permits the court "on motion" to "make an appropriate order" regarding sanctions when a party has not fulfilled discovery obligations. PA. R.C.P. No. 4019(a)(1).

In *Kirsch*, a plaintiff filed a personal injury action against the parking authority after falling in a stairwell. The parking authority filed written interrogatories, which, *inter alia*, directed the plaintiff to provide all expert reports

___

[10] It provides:

(a)(1)  The court may, on motion, make an appropriate order if

(i)    a party fails to serve answers, sufficient answers or objections to written interrogatories …;

(ii)   a corporation or other entity fails to make a designation [regarding persons authorized to testify on its behalf];

(iii)  a person … fails to answer, answer sufficiently or object to written interrogatories …;

(iv)   a party or an officer, or managing agent of a party or a person designated … to be examined, after notice … fails to appear before the person who is to take the deposition;

(v)    a party or deponent, or an officer or managing agent of a party or deponent, induces a witness not to appear;

(vi)   a party or an officer, or managing agent of a party refuses or induces a person to refuse to obey an order of court made under subdivision (b) of this rule requiring such party or person to be sworn or to answer designated questions or an order of court made …;

(vii)  a party, in response to a request for production or inspection … fails to respond that inspection will be permitted as requested or fails to permit inspection as requested;

(viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.

PA. R.C.P. No. 4019(a)(1).

9

and state the nature of the stairwell's defect. The plaintiff did not comply with the interrogatory. At the pre-trial conference, the parking authority sought to preclude the plaintiff's expert from testifying. The trial court issued an order (1) disallowing the expert's testimony and (2) prohibiting "any testimony relating to matters in regard to any condition caused by either the defective design or construction of the stairway in question." *Kirsch*, 558 A.2d at 931.

On appeal, this Court held the trial court had the authority under the Pennsylvania Rules of Civil Procedure to sanction the plaintiff for not disclosing the identity of the expert. However, Rule No. 4019(i) required the trial court to determine "if the failure to disclose the identity of the [witness was] the result of extenuating circumstances beyond the control of the defaulting party…." *Kirsch,* 558 A.2d at 931 (citing PA. R.C.P. No. 4019(i)). Because this issue had not been addressed, we remanded for further consideration.

Nevertheless, we concluded that the trial court had no authority to preclude testimony regarding the defective condition of the stairway. We explained that Rule No. 4019(a)(1) permitted a court to impose sanctions only "on motion." PA. R.C.P. No. 4019(a)(1). We held, "[t]he trial court's *sua sponte* order was a clear violation of the rule, since there was no motion for sanctions except as to the expert's testimony." *Kirsch*, 558 A.2d at 931.

In sum, Rule 2188 does not confer authority on a court to dismiss a case *sua sponte*. Unlike the appellee in *King*, the City did not file a motion to quash. Rule 2188 states specifically that, "an appellee may move for dismissal of the matter." PA. R.A.P. 2188.[11]

---

[11] Because we conclude the trial court abused its discretion by dismissing Cook's case, we need not address Cook's second argument, *i.e.*, that the dismissal constituted an abuse of discretion because the City was not prejudiced by the delay.

**Mootness**

The City argues that Cook's case is moot because the list to which he seeks to have his name restored expired years ago.

First, Cook does not request to have his name returned to an expired list. His appeal seeks a reevaluation by a professional who possesses the training and expertise to assess him, using the standards set forth in the Personnel Manual, and placement of his name on the current list of eligible candidates. Cook's Notice of Appeal at 7; R.R. 16a.

Cook argues that his psychological evaluation was not administered or scored by the psychologist in the manner prescribed by the Personnel Manual. In support of this claim, Cook states that he filed a complaint with the State Board of Psychology against Nancy Rosenberg, M.D., the psychologist that conducted his examination. In response, on January 13, 2017, the Department of State, Bureau of Professional and Occupational Affairs issued an order to show cause to Dr. Rosenberg.

Dr. Rosenberg entered into a consent decree with the Bureau of Professional and Occupational Affairs that was adopted and approved by the State Board of Psychology on April 24, 2017. *Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs v. Nancy Gail Rosenberg, Psy.D* (State Board of Psychology, Docket No. 0066-63-17, filed April 24, 2017). In the consent decree, Dr. Rosenberg stipulated that she scored Cook's evaluation using an outdated version of the Police Applicant Standardized Interview Format. Further, she rated Cook's ability to deal with stress as a 1 on a scale of 1 to 5, which indicated a pathological problem. Dr. Rosenberg admitted that the data did not support that score. Dr. Rosenberg agreed to the following discipline:  to cease doing police

11

applicant or risk assessment evaluations; to receive a public reprimand; to pay a civil penalty of $5,000; to pay for the costs of investigation; and to complete 20 hours of remedial education.

Second, the merits of Cook's appeal are not before this Court. *See Department of Environmental Resources v. Marra*, 594 A.2d 646, 648 (Pa. 1991) (an issue is not ripe for decision by an appellate court when it has yet to be addressed by a lower court). As such, the City's claims of mootness may be raised before the trial court on remand.

## Conclusion

In sum, Cook has established the trial court abused its discretion in *sua sponte* dismissing his appeal. Accordingly, we reverse the order of the trial court and remand for further proceedings.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Cook,                  :
           Appellant       :
                           :
          v.                 :    No. 638 C.D. 2017
                           :
City of Philadelphia Civil Service     :
Commission                        :

# **O R D E R**


AND NOW, this 7th day of January, 2019, the order of the Court of Common Pleas of Philadelphia County, dated April 17, 2017, is REVERSED and this matter is REMANDED in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge