# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kimberly Rivera, Administratrix  :
of the Estate of Luis Alberto Lopez,  :
                       Appellant  :
                              :
           v.                 :   No. 1616 C.D. 2018
                              :   Argued:  November 14, 2019
City of Reading              :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED:  January 3, 2020**

Kimberly Rivera, Administratrix of the Estate of Luis Alberto Lopez (Estate or Administratrix), appeals from an order of the Court of Common Pleas of Berks County (trial court), which granted the motion for sanctions filed by the City of Reading (City).  For the reasons that follow, we vacate and remand.

On April 19, 2016, the Estate filed suit against the City, the County of Berks, and the Commonwealth of Pennsylvania, Department of Transportation,[1] alleging that the defending parties caused the vehicular accident and subsequent death of Luis Lopez because of their negligent maintenance of a certain road.

---

[1] The parties later stipulated to dismiss the County of Berks and the Commonwealth of Pennsylvania, Department of Transportation, from the suit.  (*See* Original Record (O.R.), Item Nos. 8-9.)

(Reproduced Record (R.R.) at 1a.) The City sent discovery requests to the Estate, but for approximately six months the Estate ignored the requests and failed to respond to the City's emails inquiring into the whereabouts of the Estate's responses.[2] The City, therefore, filed a motion to compel the Estate's responses to the City's discovery requests. (R.R. at 23a.) The trial court, thereafter, issued an order scheduling a hearing on the City's motion to compel. (O.R., Item No. 12.) The parties then stipulated to dismiss the motion to compel,[3] and the trial court later issued an order dismissing the motion to compel, cancelling the hearing on the same, and requiring the Estate to provide responses by May 26, 2017. (R.R. at 27a.)

On June 5, 2017, having not received the Estate's responses by the agreed-upon date—*i.e.*, May 26, 2017—the City filed a motion for sanctions (First Motion for Sanctions). (O.R., Item No. 15 at 3-6.) The trial court issued an order scheduling a hearing on the First Motion for Sanctions, but it rescheduled the hearing upon the Estate's request. (S.R.R. at 50b-51b.) In doing so, the trial court stated that it was "troubled by the apparent failure of [the Estate] to follow [the trial court's] Orders." (R.R. at 28a.) Prior to the scheduled hearing on the First Motion for Sanctions, the Estate submitted responses to the discovery requests and, as a result, the trial court dismissed the City's First Motion for Sanctions. (S.R.R. at 54b.)

Moving ahead with discovery, counsel for the City scheduled the deposition of the Administratrix, and counsel for the Estate confirmed the date. (*Id.* at 60b; R.R. at 47a.) On the date of deposition—approximately one hour before the

---

[2] The City sent a request for production of documents and written interrogatories to the Estate on September 7, 2016. (Supplemental Reproduced Record (S.R.R.) at 12b-32b.) Between January 2017 and February 2017, counsel for the City sent to counsel for the Estate numerous emails requesting the Estate's responses or information as to when the Estate would provide responses to the City. (*Id.* at 36b-41b.)

[3] (O.R., Item No. 13.)

2

deposition was scheduled to begin—counsel for the Estate emailed counsel for the City, cancelling the deposition because he could not locate the Administratrix. (R.R. at 49a.) The City, thereafter, filed a motion to compel deposition of the Administratrix, which the trial court granted. (*Id*. at 29a-31a.) The parties rescheduled the deposition of the Administratrix; however, on the day of the scheduled deposition, counsel for the Estate again emailed counsel for the City, explaining that counsel could not locate the Administratrix and could not attend the deposition. (*Id*. at 81a.)

Consequently, on October 10, 2018, the City filed a second motion for sanctions, seeking dismissal of the Estate's complaint with prejudice (Second Motion for Sanctions). (*Id*. at 51a.) On October 12, 2018, two days after the City filed the Second Motion for Sanctions, the trial court issued an order, granting the motion and dismissing the Estate's complaint with prejudice. (*Id*. at 89a.) The record also reveals that the trial court *did not* schedule a hearing on the Second Motion for Sanctions. On November 13, 2018, the Estate filed a motion for reconsideration, which the trial court denied. (S.R.R. at 79b-80b, 83b.) The trial court later issued an opinion in accordance with Pennsylvania Rule of Appellate Procedure 1925(a). (Appellant's Br. at A-3 to A-9.) In its opinion, the trial court explained the rationale behind its decision to grant the City's Second Motion for Sanctions without a hearing. (*Id*.) The trial court concluded that, although dismissal is a severe sanction, it did not abuse its discretion in dismissing the Estate's complaint due to the severity of the Estate's noncompliance with discovery requests and court orders. (*Id*. at A-6 to A-9.) The Estate now appeals to this Court.

On appeal,[4] the Estate argues that the trial court abused its discretion or erred as a matter of law by granting the Second Motion for Sanctions without first holding an evidentiary hearing or oral argument on the motion. The Estate bases its error of law argument on the trial court's violation of Pennsylvania Rules of Civil Procedure (Rules) 208.3 and 4019 and Berks County Rule of Civil Procedure (B.R.C.P.) 208.3. The City maintains that the trial court properly granted its Second Motion for Sanctions and was not required to hold an evidentiary hearing or oral argument on the motion.[5]

Generally, "the imposition of sanctions for a party's failure to comply with a trial court's discovery orders is left to the discretion of the trial court as are the sanctions themselves." *Hill v. Kilgallen*, 108 A.3d 934, 941 (Pa. Cmwlth. 2015). Appellate courts, therefore, refrain from disturbing a trial court's discovery order unless the trial court judge abused its discretion, which requires a "showing of manifest unreasonableness, partiality, prejudice, bias, ill will, or such lack of support in the law or record." *Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1, 51 (Pa. 2011). With respect to discovery proceedings, Rule 4019(a)(1) permits a trial court, "on motion," to "make an appropriate order" if one or several of the following conditions are met:

---

[4] This Court reviews a trial court's order imposing sanctions for failing to comply with a procedural rule under the abuse of discretion standard. *Cook v. City of Phila. Civil Serv. Comm'n*, 201 A.3d 922, 925 n.6 (Pa. Cmwlth. 2019). "An abuse of discretion is defined as a misapplication of the law, a manifestly unreasonable exercise in judgment, or a final result that evidences partiality, prejudice, bias, or ill-will." *I.B.P.O.E. of W. Mount Vernon Lodge 151 v. Pa. Liquor Control Bd.*, 969 A.2d 642, 648 (Pa. Cmwlth. 2009).

[5] The City also argues that the Estate's appeal is untimely and must be quashed. The trial court issued the order that is now on appeal on October 12, 2018; however, the exit date for the order is October 15, 2018. The Estate's appeal date of November 14, 2018, therefore, falls within the thirty-day period permitted by Pennsylvania Rule of Appellate Procedure 903(a). Consequently, the City's contention on this point has no merit.

4

(i) *a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005*;

(ii) a corporation or other entity fails to make a designation under Rule 4004(a)(2) or 4007.1(e);

(iii) *a person*, including a person designated under Rule 4004(a)(2) to be examined, *fails to answer, answer sufficiently or object to written interrogatories under Rule 4004*;

(iv) *a party* or an officer, or managing agent of a party or a person designated under Rule 4007.1(e) *to be examined, after notice under Rule 4007.1, fails to appear before the person who is to take the deposition*;

(v) a party or deponent, or an officer or managing agent of a party or deponent, induces a witness not to appear;

(vi) a party or an officer, or managing agent of a party refuses or induces a person to refuse to obey an order of court made under subdivision (b) of this rule requiring such party or person to be sworn or to answer designated questions or an order of court made under Rule 4010;

(vii) a party, in response to a request for production or inspection made under Rule 4009, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested;

(viii) *a party or person otherwise fails to make discovery or to obey an order of court respecting discovery*.

Pa. R.C.P. No. 4019(a)(1) (emphasis added). The Note to Rule 4019(a)(2) provides: "Motions for sanctions are governed by the motion rules, Rule 208.1 *et seq.*" Rule 208.3(a) is of particular relevance to this matter and provides, in part: "[T]he court *may not* enter an order that grants relief to the moving party unless the motion is presented as uncontested or the other parties to the proceeding are given an opportunity for an argument." (Emphasis added.)

B.R.C.P. 208.3(a) and (b) offer further guidance for this matter. B.R.C.P. 208.3(a) provides:

5

(1) Every motion accompanied by a written certification pursuant to B.R.C.P. 208.2(d) that it is uncontested shall be considered by the Court without a written response or argument brief.

(2) *Every other motion shall proceed in accordance with B.R.C.P. 208.3(b).*

(3) Every motion shall initially be considered by the Court. If the motion is properly pleaded and appears to set forth clear grounds for relief, the Court may enter an Order granting the requested relief. If an Order is entered without a rule to show cause being issued, the Court shall hear argument on an application by any party for reconsideration of such Order. At its initial consideration of the motion, the Court may deny the moving party's request for relief, without argument, when the motion is procedurally defective, is untimely filed or fails to set forth adequate grounds for relief.

(Emphasis added). As discussed in the rule above, uncontested motions can be considered without a written response but all other motions—*i.e.*, contested motions—must be considered in accordance with B.R.C.P. 208.3(b). B.R.C.P. 208.3(b), importantly, requires the trial court to hold argument on motions involving undisputed facts prior to disposition of said motions.[6]

---

[6] B.R.C.P. 208.3(b) provides, in relevant part:

(1) *Motions which do not involve disputed facts for which a record must be developed shall proceed in accordance with B.R.C.P. 211.1 through 211.7, inclusive* [relating, generally, to scheduling and holding arguments and filing and serving briefs] which can be found at the Berks County Web Site www.co.berks.pa.us/courts.

> (a) In addition to the requirements for filing briefs, the non-moving party may file a written answer to the motion simultaneously with the filing of an argument brief.

(2) For motions which do involve disputed facts for which a record must be developed, the Court, on its own motion or at the request of any party, may enter an order issuing a rule to show cause. The procedure following the issuance of the rule to show cause shall be in accordance with [Rule] 206.7.

6

In this matter, the Estate contends that the trial court abused its discretion or erred as a matter of law by granting the Second Motion for Sanctions without first holding a hearing on the motion and that, by doing so, the trial court violated Rules 208.3 and 4019, and B.R.C.P. 208.3. Specifically, the Estate contends that the trial court's decision contravenes the Superior Court's decision in *Cove Centre, Inc. v. Westhafer Construction, Inc.*, 965 A.2d 259, 264 (Pa. Super. 2009) (*Cove Centre*), which determined that Rules 208.3 and 4019, when read together, require trial courts to hold an evidentiary hearing or oral argument before ruling on the motion for sanctions.

In *Cove Centre*, the Superior Court determined whether a trial court abused its discretion or erred as a matter of law when it granted an aggrieved party's motion for sanctions without first holding an evidentiary hearing or oral argument on the motion. After the offending party failed to file timely responses to the aggrieved party's discovery requests, the aggrieved party filed a motion for sanctions requesting that the trial court: (1) preclude the offending party from presenting certain expert testimony, (2) deem the aggrieved party's request for admissions admitted, and (3) enter judgment for the entire amount in dispute against the offending party. The trial court issued an order granting the aggrieved party's motion for sanctions and effectively terminating the underlying litigation.

The offending party appealed the trial court's order to the Superior Court, which concluded that the trial court exceeded the bounds of its discretion. In doing so, the Superior Court discussed the applicability of Rules 4019 and 208.3 to

(Emphasis added).

7

a trial court's ruling on discovery motions.[7] According to the Superior Court, although Rule 4019 pertains to motions generally, the Rule contains a Note providing that motions for sanctions are governed by the motions rules including Rule 208.3, which expressly requires the trial court to provide parties an opportunity to argue the merits of a contested motion before ruling on said motion. The Superior Court found the Note to Rule 4019 persuasive and, therefore, concluded that Rules 4019 and 208.3 "effectively mandate oral argument whenever a discovery motion is neither uncontested nor facially meritless." *Cove Centre*, 965 A.2d at 263. Accordingly, the Superior Court determined that the trial court erred in issuing an order granting the aggrieved party's motion for sanctions without first allowing the parties the opportunity to argue the merits of the motion.

We agree with the Superior Court's analysis of Rules 4019 and 208.3. On its own, Rule 4019 seems to refer only to a trial court's ability to make an appropriate order based on an aggrieved party's motion when an offending party engages in certain dilatory behavior during the discovery phase of a matter. The Note to Rule 4019 suggests, however, that where the aggrieved party's motion is a

---

[7] The Superior Court also discussed the factor test developed by its court in *Croydon Plastics Co. v. Lower Bucks Cooling & Heating*, 698 A.2d 625, 629 (Pa. Super. 1997), *appeal denied*, 717 A.2d 1028 (Pa. 1998), which our courts have applied where a trial court grants a motion for sanctions that has the severe result of effectively or actually dismissing the action. The factor test requires a balancing of the equities including, but not limited to, the following factors: "(1) the nature and severity of the discovery violation; (2) the defaulting party's willfulness or bad faith; (3) prejudice to the [aggrieved] party; (4) the ability to cure the prejudice; and (5) the importance of the precluded evidence in light of the failure to comply." *Croydon Plastics Co.*, 698 A.2d at 629; *see also Cove Centre*, 965 A.2d at 261-62; *Khamphouseane v. Thornton* (Pa. Cmwlth., No. 1881 C.D. 2016, filed April 17, 2019), slip op. at 8. We do not apply this factor test to the matter before us, because, as discussed below, we dispose of this case on the alleged procedural infirmities and not on the merits of the matter. Nothing in this opinion shall be construed as addressing the merits of the trial court's decision in any way. Here, we take no position on the trial court's decision to dismiss the action, only the procedure it followed in doing so.

motion for sanctions, the trial court must abide by the motions rules, which include Rule 208.3. Rule 208.3 and B.R.C.P. 208.3 require that both parties have an opportunity to argue the merits of the motion before the trial court rules on said motion. Here, the trial court erred by issuing the order granting the City's Second Motion for Sanctions and dismissing the Estate's complaint without first providing both parties the opportunity to argue the merits of the motion.

Based on the above discussion, we vacate the trial court's order and remand this matter to the trial court. On remand, the trial court must schedule an evidentiary hearing or oral argument on the Second Motion for Sanctions prior to ruling on said motion.

P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Kimberly Rivera, Administratrix :
of the Estate of Luis Alberto Lopez, :
Appellant :
:
v. : No. 1616 C.D. 2018
:
City of Reading :

# **O R D E R**

AND NOW, this 3rd day of January, 2020, the order of the Court of Common Pleas of Berks County (trial court) is VACATED, and the matter is REMANDED to the trial court for disposition in accordance with the foregoing opinion.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge