IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mac Kenneth K. Ortiz, Sr., | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 171 M.D. 2023 |
| | : | Submitted: May 7, 2024 |
| Philadelphia Police Department, | : | |
| City & County of Philadelphia, | : | |
| Pa. Parole Board, et al., | : | |
| | : | |
| Respondents | : | |

BEFORE:　HONORABLE PATRICIA A. McCULLOUGH, Judge
　　　　　　HONORABLE MICHAEL H. WOJCIK, Judge
　　　　　　HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK　　　　　　　　　　　　　FILED: June 7, 2024

Before this Court, in our original jurisdiction, are the preliminary objections (POs) of Respondents City of Philadelphia (City)[1] and the Pennsylvania Parole Board (Board) (collectively, Respondents) in the nature of a demurrers to Mac Kenneth K. Ortiz, Sr.'s (Ortiz) *pro se* petition for review challenging as

---

[1] The Philadelphia Police Department (Department) and the County of Philadelphia (County) were also named as Respondents. However, the Department "may not be sued as though it were a legal entity separate from the City." *City of Philadelphia v. Glim*, 613 A.2d 613, 616 (Pa. Cmwlth. 1992). "[A]ll suits against any department of the City must be brought in the name of the City itself because the departments of the City do not have an independent corporate existence." *Id*. (citing Section 11 of the Act of April 21, 1855, P.L. 264, *as amended*, 53 P.S. §16257). In a similar vein, "[t]he City . . . shall have, assume and take over all powers, property, obligations and indebtedness of the County . . . ." Pa. Const. art. IX, §13.

unconstitutional, and seeking an exemption from, the registration requirements under Chapter 10-900 of the Philadelphia Code (1957) (Chapter 10-900). We sustain the Respondents' POs.

## I. Background

On March 30, 2023, Ortiz initiated this matter by filing a "Civil Complaint," which we treat as a petition for review (PFR),[2] claiming that the registration requirements under Chapter 10-900[3] do not apply to his offenses and are

---

[2] By Memorandum and Order dated June 27, 2023, this Court ordered that Ortiz's "Civil Complaint" shall be treated as a petition for review addressed to this Court's original jurisdiction and governed by Chapter 15 of the Pennsylvania Rules of Appellate Procedure.

[3] Chapter 10-900 provides:

**§ 10-901. Legislative Findings.**
(1) The Council finds that:

> (a) Many serious crimes are committed in the City by persons who have previously been convicted of the same or similar crimes;

> (b) Frequently, such crimes are committed by persons previously convicted of certain crimes, who have come to the City from other jurisdictions;

> (c) The undisclosed presence of such persons within the City constitutes a serious menace to the preservation of the public peace, health, safety, morals and welfare;

> (d) The danger resulting from the presence of such persons in the City can best be alleviated and controlled by the registration, photographing and fingerprinting of such criminals, under certain terms and conditions.

**§ 10-902. Definitions.**
**(Footnote continued on next page…)**

2

(1) In this Chapter the following definitions apply:

(a) Crimes. Crimes shall be limited to the following: blackmail; burglary; robbery; arson; murder; kidnapping; extortion; violation of the Pennsylvania Uniform Firearms Act of June 24, 1939 (P.L. 872); unlawful use, sale or possession of narcotics; violations of the Mann Act of June 25, 1949, C. 645[, 18 U.S.C. §§2421-2422]; rape; attempt to commit any of the above offenses; or a conspiracy to commit any of the above offenses.

(b) Department. The Police Department.

(c) Person. Any person who at any time hereafter or who within five years prior to the effective date of this Chapter, has pleaded guilty, nolo contendere or has been adjudged guilty of any crime as herein defined, under the laws of the United States, of the Commonwealth of Pennsylvania, or of any state, and who has been sentenced to any term of imprisonment, parole, probation, or whose sentence has been suspended, except, however, that no person who has received a pardon shall be subject to the provisions hereof, and that with respect to any person who has been incarcerated, the five-year period shall be computed from the date of his release from incarceration.

**§ 10-903. Registration.**
(1) Every person as herein defined who is a resident of the City shall within five days of the effective date of this Chapter, and any other person as herein defined who comes into the City and who remains for more than 48 hours shall within 72 hours after his arrival register with, and furnish to the Department a statement signed by such person giving the following information:

(a) His true name and all aliases which he has used or under which he may have been known;

(b) Complete description of his person;

(c) Each crime of which he has been convicted;

(d) The place where such crimes were committed and the place of each conviction;

**(Footnote continued on next page…)**

(e) The name under which he was convicted in each instance and the date thereof;

(f) The name and the location of each prison, reformatory, jail or other penal institution in which he was confined or to which he was sentenced;

(g) The addresses of all of his residences, stopping places, living quarters or places of abode in the City, and whether each is a private residence, hotel, apartment house, or other building or structure;

(h) The length of time he has occupied each such place of residence, stopping place or place of abode, and the length of time he intends to remain in the City;

(i) Such other information as the Department shall deem necessary or desirable to carry out the purpose of this Chapter.

(2) False Information. It shall be unlawful for any person to furnish any false, untrue, or misleading information required under this Chapter.

(3) Any person required to register under this Chapter shall, for a period of five years from the date of his last becoming subject to the provisions of this Chapter, be required to notify the Department within 24 hours after he moves to a new place of residence within the City.

### § 10-904. Photographing and Fingerprinting.
(1) At the time of registration, as required by Section 10-903, the person registering shall be photographed and fingerprinted by the Department.

### § 10-905. Confidential Records.
(1) The information, photographs and fingerprints required under this Chapter shall at all times be kept by the Department in a file or files separate and apart from other files and records maintained by the Department and shall not be open to inspection by the public or by any individual other than an authorized member of the Department.

(2) The Department shall have authority to transmit copies of any records obtained under this Chapter to any authorized officer of any law enforcement agency upon receiving a written request therefor.

**(Footnote continued on next page…)**

unconstitutional as applied to him under the ex post facto clauses of the United States (U.S.) Constitution, Article I, Section 10, U.S. Const. art. I, §10, and the Pennsylvania Constitution, article I, section 17, Pa. Const. art. I, §17. In support, Ortiz alleges he was released on parole on January 8, 2023, after serving 10 years of incarceration for unspecified offenses. Upon his release, Ortiz's parole agent informed him that he would be required to register under Chapter 10-900 or risk a fine, penalty, or parole violation. Ortiz seeks an exemption from registration on the basis that the offenses for which he was charged and convicted are not offenses that require registration under Chapter 10-900. Ortiz also seeks to invalidate Chapter 10-900 as an ex post facto law. Citing *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), *abrogated on other grounds*, *Commonwealth v. Santana*, 266 A.3d 528, 536 (Pa. 2021), Ortiz claims that the registration requirement constitutes a punishment that may not be imposed post sentencing without violating the ex post facto clauses of the U.S. and Pennsylvania Constitutions. PFR, ¶¶1-6.

## II. POs

In response, Respondents filed separate POs. The City preliminarily objects on three grounds: (1) Pa.R.Civ.P. 1028(a)(1) – improper service, (2)

---

(3) It shall be unlawful for any one to disclose to any unauthorized individual any information obtained pursuant to the provisions of this Chapter.

**§ 10-906. Penalties.**
(1) The penalty for violating any provisions of this Chapter is a fine not exceeding three hundred dollars ($300), or imprisonment not exceeding 90 days, or both, for each offense.

Philadelphia Code, Chapter 10-900.

Pa.R.Civ.P. 1028(a)(2) – lack of verification, and (3) Pa.R.Civ.P. 1028(a)(3)-(4) – demurrer. More particularly, the City first claims that Ortiz failed to provide proper service by sending a copy of the PFR to the City's Law Department by regular – not certified – U.S. mail. Second, the City claims the PFR was not verified and should be dismissed on this basis. Third, the City demurs to the PFR's legal sufficiency because Chapter 10-900's registration requirements were enacted before Ortiz's offenses and are not punitive and, therefore, do not implicate the ex post facto clauses. In addition, Ortiz fails to identify the specific offenses that he claims are not subject to the registration requirements. Ortiz has not alleged that the City has imposed the requirements or punished him for failure to register. Therefore, Ortiz has failed to state a claim against the City upon which relief may be granted.

The Board similarly objects on the grounds of improper service and lack of verification. The Board additionally demurs on the basis that state parole agents are no longer under the purview of the Board but are now under the direction of the Pennsylvania Department of Corrections (DOC). *See* Section 6171 of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6171; *see also former* Section 6151 of the Parole Code, *formerly* 61 Pa. C.S. §6151, repealed by the Act of June 30, 2021, P.L. 260. The contested registration requirement is not, nor even alleged to be, a Board-ordered condition. Therefore, the Board claims that the PFR fails to state a claim upon which relief may be granted.[4] We begin with the Respondents' demurrers.[5]

---

[4] Ortiz did not answer the POs.

[5] In ruling on POs, this Court

> must accept as true all well-pled facts that are material and all
> inferences reasonably deducible from the facts. However, [we] are

**(Footnote continued on next page…)**

## III. Discussion
### A. City's Demurrer

The City contends that Ortiz's PFR should be dismissed because it is both factually and legally insufficient. First, Ortiz's claim that Chapter 10-900's registration requirements violate the ex post facto clauses of the U.S. and Pennsylvania Constitutions fails because the provision at issue was enacted long before Ortiz's offenses and are not punitive. Second, Ortiz's PFR fails to identify the offenses for which he was convicted that he claims are not subject to the registration requirements. In addition, Ortiz has not alleged that the City has punished him or threatened him with punishment for failure to register.

Both the U.S. and Pennsylvania Constitutions prohibit the enactment of "ex post facto" laws. U.S. Const. art. I, §10; Pa. Const. art. I, §17. In *Muniz*, our Supreme Court opined there are "two critical elements" that "must be met for a criminal or penal law to be deemed ex post facto." 164 A.3d at 1195-96. First, "'it must be retrospective, that is, *it must apply to events occurring before its enactment*.'" *Id.* at 1196 (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). Second, "'it must disadvantage the offender affected by it.'" *Id.* (quoting *Weaver*, 450 U.S. at 29).

Applying this analysis here, the City enacted Chapter 10-900 in 1957. Ortiz alleges he was released on parole on January 8, 2023, after serving 10 years of

---

not required to accept as true any unwarranted factual inferences, conclusions of law or expressions of opinion. For [POs] to be sustained, it must appear with certainty that the law will permit no recovery. Any doubt must be resolved in favor of the non-moving party.

*Guarrasi v. Scott*, 25 A.3d 394, 400 n.5 (Pa. Cmwlth. 2011); *accord Pennsylvania Independent Oil & Gas Association v. Department of Environmental Protection*, 135 A.3d 1118, 1123 (Pa. Cmwlth. 2015), *aff'd*, 161 A.3d 949 (Pa. 2017).

incarceration for unspecified offenses. He does not allege that his offenses occurred before the enactment of Chapter 10-900 in 1957. Thus, application of Chapter 10-900 to Ortiz's offenses does not implicate the ex post facto clauses because the registration requirements do not apply to events occurring before its enactment. *See Muniz*, 164 A.3d at 1196.

To the extent Ortiz seeks an exemption on the basis that the offenses for which he was convicted are not subject to the registration requirements, Ortiz failed to identify those offenses in his PFR. In his brief, Ortiz now states that he was "convicted of theft by deception, or bad checks." Petitioner's Brief at 1. Notwithstanding, Ortiz does not allege that the City has enforced Chapter 10-900 or penalized him for failing to register under Chapter 10-900. Rather, Ortiz merely alleged that his parole agent, an employee of DOC, informed him that he would need to register. Therefore, any claim against the City is not ripe. *See, e.g.*, *Commonwealth v. Marra*, 594 A.2d 646, 648 (Pa. 1991) (holding that a claim against the Commonwealth challenging the constitutionally of an injunction was not ripe where the Commonwealth had not yet attempted to enforce the injunction). We, therefore, sustain the City's demurrer.

### B. Board's Demurrer

The Board also demurs on the basis that Ortiz's PFR is legally insufficient insofar as it seeks relief from the Board. Ortiz's action sounds in mandamus because he is asking this Court to direct the Board to remove or invalidate a parole condition imposed by his parole agent. The PFR does not state a viable claim against the Board because the condition is not a Board-ordered condition, and

8

because the parole agent is not under the Board's authority, the Board cannot grant the relief sought.

Mandamus is an extraordinary remedy, designed to compel the performance of a ministerial act or mandatory duty. *Stodghill v. Pennsylvania Department of Corrections*, 150 A.3d 547, 551 (Pa. Cmwlth. 2016), *aff'd*, 177 A.3d 182 (Pa. 2018). "Mandamus is not available to establish legal rights[] but is appropriate only to enforce rights that have been established." *Id.* (citation omitted). This Court may only issue a writ of mandamus where the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty, the defendant possesses a corresponding duty to perform the act, and the petitioner possesses no other adequate or appropriate remedy. *Id.* at 552 (citation omitted). "However, mandamus will not be granted in doubtful cases." *Allen v. Pennsylvania Board of Probation and Parole*, 207 A.3d 981, 985 (Pa. Cmwlth. 2019).

Here, Ortiz alleges that his supervising parole agent imposed a condition of parole by requiring him to register as an offender under Chapter 10-900. However, Ortiz does not allege that the condition is a Board condition or that the Board is enforcing this condition. State parole agents are no longer under the authority of the Board. Section 6101 of the Parole Code, 61 Pa. C.S. §6101 (defining agent as appointed by the DOC); *see former* Section 6151 of the Parole Code, *formerly* 61 Pa. C.S. §6151 (previously defining parole agents as agents of the Board). The DOC, not the Board, is charged with supervising offenders released on parole. Section 6171 of the Parole Code, 61 Pa. C.S. §6171. The DOC has the power and duty to enforce the conditions of supervision established by the Board as well as the power to impose and enforce additional conditions of supervision on an offender. 61 Pa. C.S. §6171(a)(2).

9

The contested condition is a City regulation imposed by the DOC parole agent and is not a Board-imposed condition. The Board has no authority to invalidate a City ordinance. The Board has no authority over the DOC parole agent. The Board has no authority to interfere with agent-imposed conditions. Consequently, this Court cannot compel the Board to provide the relief sought of removing or invalidating the agent-imposed condition of registration under Chapter 10-900. Thus, Ortiz has failed to state a claim against the Board upon which relief may be granted. Thus, we sustain the Board's demurrer.

## IV. Conclusion

Accordingly, having sustained Respondents' demurrers, we dismiss Ortiz's PFR with prejudice.[6]

_____
MICHAEL H. WOJCIK, Judge

Judge Wallace concurs in result only.

---

[6] In light of this disposition, it is unnecessary to address the remaining POs.

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mac Kenneth K. Ortiz, Sr.,        :
                                       :
                Petitioner      :
                                         :
          v.                   : No. 171 M.D. 2023
                                         :
Philadelphia Police Department,    :
City & County of Philadelphia,      :
Pa. Parole Board, et al.,            :
                                         :
              Respondents    :

# **O R D E R**

AND NOW, this 7th day of June, 2024, Respondents' preliminary objections in the nature of demurrers are SUSTAINED and Petitioner's action is DISMISSED WITH PREJUDICE.

_____
MICHAEL H. WOJCIK, Judge